PD-1343-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/15/2017 7:39 AM
Accepted 12/18/2017 4:23 PM
DEANA WILLIAMSON
CLERK

No._____

| | | |
|---|---|---|
| **IMMANUEL I. POPE,** | § | **IN THE TEXAS COURT** |
| Appellant | § | **OF CRIMINAL APPEALS** |
| | § | |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS,** | § | **APPELLATE COURT** |
| Appellee | § | **No. 07-16-00369-CR** |
| | § | |

COURT OF CRIMINAL APPEALS
12/18/2017
DEANA WILLIAMSON, CLERK

## APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUDGES OF SAID COURT:**

COMES NOW, Immanuel I. Pope, Appellant in the above-styled and numbered cause, by and through his court-appointed attorney of record, Jack V. Strickland and files this, Appellant's motion for extension of time to file petition for discretionary review. In support of said motion, Appellant shows as follows:

1.

That the Seventh Court of Appeals affirmed Appellant's judgment in a non-published memorandum opinion delivered November 13, 2017. A copy of that opinion was received by counsel on that same day. A copy of both the judgment and opinion is attached hereto and marked as "Exhibit A" & "Exhibit B," respectively.

2.

That on November 15, 2017, counsel wrote Appellant, asking whether he wished to file a petition for discretionary review. No response has been received.

A follow-up letter was sent to Appellant on December 8, 2017. Again, no response has been forthcoming. A true and correct copy of each letter is attached hereto and marked as "Exhibit E" and "Exhibit D" respectively.

3.

That in order to assure the Court that Appellant either does/does not wish to file a petition for discretionary review, currently due on December 15, 2017, counsel requests an extension of thirty days in which to file such a petition, if any. R.68,2(a), *Tex.R.App.(a)*.

4.

That this motion to extend is made within fifteen days of the current due date of December 15, 2017. R.68.2(c), *Tex.R.App.Pro.*

5.

That this extension of time in which to file Appellant's petition for discretionary review is not sought merely for purposes of delay, but rather in an effort to ensure justice and to afford Appellant his fundamental right to appeal his conviction and sentence.

**WHEREFORE, PREMISES CONSIDERED**, Appellants prays that the deadline for the filing of his petition for discretionary review be extended for thirty days from Friday, December 15, 2017 to Monday, January 15, 2018.

Respectfully Submitted,

 /s/ Jack V. Strickland
JACK V. STRICKLAND
State Bar No. 193970000
ATTORNEY FOR DEFENDANT
909 Throckmorton Street
Fort Worth, Texas 76102
Tel: (817)338-1000
Fax: (817)338-1020
jvstrickland1943@gmail.com

COUNSEL FOR APPELLANT
(On Appeal Only)

## CERTIFICATE OF CONFERENCE

On December 14, 2017, a telephone conference was held with Assistant District Attorney Debra Windsor concerning the foregoing motion. Ms. Windsor has no objection.

/s/ Jack V. Strickland
Jack V. Strickland

## CERTIFICATE OF SERVICE

On December 14, 2017, a true and correct copy of the foregoing Appellant's first request for extension of time to file a petition for discretionary review was forwarded to:

1. Immanuel I. Pope, Jr.
   TDCJ# 02086914
   FERGUSON UNIT
   12120 Savage Dr.
   Midway, Texas 75852-3654


2. Debra A. Windsor
   Assistant District Attorney
   coaappellatealerts@tarrantcountytx.com

/s/ Jack V. Strickland
Jack V. Strickland

No. 07-16-00369-CR

| | | |
|---|---|---|
| Immanuel I. Pope<br>Appellant | § | From the 213th District Court<br>of Tarrant County |
| | § | |
| v. | | November 13, 2017 |
| | § | |
| The State of Texas<br>Appellee | | Opinion by Chief Justice Quinn |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated November 13, 2017, it is ordered, adjudged and decreed that the judgment of the trial court is modified as set forth in the opinion and affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have already been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o

Ex A.



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-16-00369-CR

IMMANUEL I. POPE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1,467,007R, Honorable Louis E. Sturns, Presiding

November 13, 2017

## MEMORANDUM OPINION

Before QUINN, C.J. and CAMPBELL and PIRTLE, J.J.

Immanuel I. Pope, (appellant) appeals from multiple final judgments convicting him of multiple crimes. The State alleged six counts against him in its indictment. Through one and two, he was accused of aggravated assault with a deadly weapon, that weapon being a firearm. Through three and four, appellant was charged with engaging in deadly conduct. Under count five, the State accused him of assaulting a family member, while he was charged as a felon possessing a firearm via the last count. The State also sought to enhance his punishment by incorporating a "Repeat Offender Notice" in the charging instrument. The notice incorporated the allegation that appellant

Ex. B

had previously been convicted of the felony of "aggravated assault with a deadly weapon."

The jury eventually found him guilty of all six counts, expressly found him to be a repeat offender in five of the six counts, and assessed punishment accordingly. Each finding of guilt was then incorporated into a separate judgment. Eight issues pend before us. Many of them may be considered in unison, and upon considering them, we modify, yet affirm, each judgment.

*Issues One through Five - Enhancement Paragraph*

Appellant's first five issues concern, in one way or the other, the enhancement paragraph contained in the indictment. We begin with issues one and two.

For committing the crime alleged in count four (deadly conduct), the jury assessed appellant a prison term of twenty years. Such was manifested in the verdict form submitted to the jury. According to appellant, the ability to levy that length of time was dependent upon the jury first determining that the repeat offender allegation was true; yet, it did not do that. So, in his view, the maximum prison term to which the jury could sentence was ten years, and exceeding that cap rendered the sentence illegal.

Deadly conduct is a felony of the third degree when it involves the discharge of a firearm at or in the direction of a person, building, habitation, or vehicle. *See* TEX. PENAL CODE ANN. § 22.05(b) (West 2011) (stating that a "person commits an offense if he knowingly discharges a firearm at or in the direction of: (1) one or more individuals; or (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied."); § 22.05(e) (stating that "[a]n offense under

2

Subsection (b) is a felony of the third degree").[1] The applicable range of punishment for a felony of the third degree is a prison term from two to ten years and a fine of up to $10,000. *Id.* § 12.34(a), (b) (West 2011). Nevertheless, the ten-year cap dissipates where "it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony." *Id.* § 12.42(a) (West Supp. 2017). Under that circumstance, the "conviction . . . shall be punished [as] . . . a felony of the second degree." *Id.* And, the prison term for a second-degree felony ranges from two to twenty years. *Id.* § 12.33(a) (West 2011).

The problem, at bar, arose when a portion of the verdict form submitted with the punishment charge contained an apparent typographical omission. The portion of the form about which we speak is the first of the two paragraphs relating to count four. It read as follows:

> We, the Jury, having found the Defendant, Immanuel I. Pope, guilty beyond a reasonable doubt in Count Four, the offense of deadly conduct, we assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____. (Write in a term of years not less than 2 nor more than 20.)[2]

As can be seen, nothing within it mentioned the prior felony much less an answer of true to the commission of that felony. However, this paragraph was only one of many in the form.

---

[1] Appellant discharged his handgun at or in the direction of two people as they attempted to drive away from him.

[2] The second paragraph read:

"OR, We, the Jury, having found the Defendant, Immanuel I. Pope, guilty beyond a reasonable doubt in Count Four, the offense of deadly conduct, and *having further found not true the allegation in the Repeat Offender Notice*, we assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ . (Write in a term of years not less than 2 nor more than 10.)" (Emphasis added).

3

Indeed, the single form referenced each of the six counts of which appellant was found guilty. And, each of those counts was represented by two paragraphs. The first paragraph of each grouping related to the quantum of punishment assessable if the jury were to find that the enhancement paragraph was true. And all but the first paragraph relating to count four contained the following clause: "and having further found true the allegation in the Repeat Offender Notice." For instance, the first paragraph in the grouping that related to count three read:

> We, the Jury, having found the Defendant, Immanuel I. Pope, guilty beyond a reasonable doubt in Count Three, the offense of deadly conduct, **and having further found true the allegation in the Repeat Offender Notice**, we assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____. (Write in a term of years not less than 2 nor more than 20.)

(Emphasis added). In turn, the second paragraph of each grouping dealt with the range of punishment assessable if the jury found the enhancement paragraph to be untrue. Furthermore, each of those paragraphs (including that relating to count four) contained the phrase "and having further found not true the allegation in the Repeat Offender Notice." So, from the manner in which the verdict form was constructed, it is clear that the trial court intended to ask the jury via the first paragraph of each grouping what appellant's punishment would be if it found the "Repeat Offender Notice" (i.e., the enhancement allegation) to be "true." The second paragraph served the purpose of illustrating appellant's punishment if the jury found the "Repeat Offender Notice" to be "not true."

To the foregoing, we add several paragraphs from the punishment charge given the jury before deliberating and which pertain to counts three, four, five, and six. They are:

4

You are instructed that the punishment for Count Three, the offense of deadly conduct; Count Four, the offense of deadly conduct; Count Five, the offense of assault bodily injury of a family member with a prior conviction of assault bodily injury of a family member; and Count Six, the offense of unlawful possession of a firearm by felon, is imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of years not less than two (2) nor more than ten (10) years. In addition, a fine not to exceed $10,000 may be imposed.

Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt the Defendant, Immanuel I. Pope, was convicted of a felony offense in the 396th District Court of Tarrant County, Texas, in Cause Number 0751571A, on the 16th day of March 2001 [i.e., the offense specified in the Repeat Offender Notice], and said conviction was a final conviction prior to the commission of the offenses for which you have found the Defendant guilty, you must so find and assess the Defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of years not less than two (2), nor more than twenty (20). And a fine not to exceed $10,000 may also be assessed.

As can be seen from these two paragraphs, the trial court effectively told the jury what the range of punishment would have to be depending on whether or not it found the enhancement allegation true. And, unless the record indicates otherwise, we must presume the jury followed the court's instruction. *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (stating that "[w]e presume the jury follows the trial court's instructions" and observing that the appellant presented no evidence to rebut the presumption).

We make an additional observation. The jury handwrote the amount of years it decided to assess within the blank left in each of the first paragraphs. So too did the signature of the jury's foreperson appear immediately after the first paragraph. All of the blanks in or after the second paragraphs were left empty.

Given that (1) there was only one prior felony conviction encompassed within the "Repeat Offender Notice," (2) the jury was told that it must assess punishment within the

5

enhanced range if it found that appellant committed that prior felony, (3) the jury assessed a term of imprisonment exceeding that within the unenhanced range but within the enhanced range of each count, (4) the jury expressly found the "Repeat Offender Notice" to be true with regard to counts one, two, three, five, and six, and (5) precedent obligates us to presume the jury followed the trial court's instructions, we infer that the jury implicitly and necessarily found that appellant committed the same prior felony for purposes of count four as it did for counts one, two, three, five, and six. *See Sorenson v. State*, No. 02-16-00015-CR, 2017 Tex. App. LEXIS 2754, at *11–12 (Tex. App—Fort Worth Mar. 30, 2017, no pet.) (mem. op., not designated for publication) (wherein the reviewing court perused the record and jury charge to conclude that "the jury's finding that appellant caused serious bodily injury to Kimberly carries an implicit finding that he used those items to do so"). This inference is further supported by the fact that the jury was afforded the opportunity *vis-à-vis* each count (through the second paragraph) to find the enhancement allegation untrue, and it uniformly eschewed that opportunity.

In short, the sentence levied under count four was not illegal since the jury implicitly found that appellant committed the prior felony triggering the enhanced penalty. That, in turn, dispenses with issues one and two, wherein appellant contended that the sentence was illegal because it exceeded the range of punishment applicable to a felony of the first degree and the trial court usurped the jury's authority by *sua sponte* finding the "Repeat Offender Notice" to be true.

Regarding issue four, we assume *arguendo* that the verdict form was part of the jury charge. *See Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010)

6

(stating that when a verdict form is used, it becomes a part of the jury charge). We also assume *arguendo* that it was error to omit the phrase "and having further found true the allegation in the Repeat Offender Notice" from the first paragraph of the verdict form relating to the count four punishment. Yet, appellant said nothing about the omission when asked by the trial court whether he had any objections to the punishment charge. Rather, complaint was made after the jury returned its verdict, but that was too late. *See Reyes v. State*, No. 13-12-00468-CR, 2013 Tex. App. LEXIS 14666, at \*11–12 (Tex. App.—Corpus Christi Dec. 5, 2013, pet. ref'd) (mem. op., not designated for publication) (stating that, for an objection to the jury charge to be timely, it must be made before the charge is read to the jury). Consequently, the unpreserved charge error may result in reversal only if it caused egregious harm. *Morales v. State*, No. 02-15-00364-CR, 2017 Tex. App. LEXIS 6453, at \*19 (Tex. App.—Fort Worth July 13, 2017, no pet.) (mem. op., not designated for publication). And, error resulting in egregious harm are those which affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *Id.* at \* 23.

As previously discussed, the jury necessarily found that appellant had committed the prior felony as a prerequisite to punishing him under count four. And, it cannot be denied that the finding was more than implicit when considered in relation to the other five counts submitted in the verdict form. The phrase missing from count four not only was included in counts one, two, three, five, and six, but the jury also expressly found it to be true when it levied punishment for those crimes at the enhanced level. Moreover, the parties stipulated to the admission of the final judgment evincing appellant's

7

conviction for the prior felony encompassed within the Repeat Offender Notice. These circumstances lead us to conclude that the purported error did not affect the very basis of the case, deprive appellant of a valuable right, affect a defensive theory, or cause him any harm, much less egregious harm. That, in turn, disposes of issue four wherein appellant alleged that the error caused him "some" harm.

As for issues three and five, they concern the final judgments entered by the trial court. Through the former, appellant suggests that the trial court usurped the jury's authority when specifying within the judgment relating to count four that enhancement allegation was true. Having already determined that the jury implicitly made the requisite finding, we cannot say that the trial judge did so *sua sponte*.

Regarding issue five, appellant requests that we modify each judgment to reflect that he did not plead "true" to the enhancement paragraph contained in the indictment. While the record indicates that he initially did so plead, the trial court allowed him to withdraw the plea after the allegation was amended. So, appellant is correct, he did not plead "true," and the judgments reflect inaccurate information. But, that is of no consequence since a reviewing court has the authority to amend a judgment to speak the truth. *See Peterson v. State*, No. 05-12-01021-CR, 2013 Tex. App. LEXIS 12874, at *16 (Tex. App.—Dallas Oct. 16, 2013, no pet.) (mem. op., not designated for publication); TEX. R. APP. P. 43.2(b) (stating that a court of appeals may modify the trial court's judgment and affirm it as modified). And, we will modify each judgment to indicate that appellant pled "not true" to the enhancement paragraph.

*Issue Six*

Through issue six, appellant contends that the trial court erred in admitting evidence of appellant's association with a criminal street gang because it "was remote in time to the Appellant's offense and was not shown to be connected to the commission of the offense." That is, he believed it to be "irrelevant." Yet, while he objected to the testimony, his complaint was not based on relevance but, rather, on whether the officer proffering the evidence was an expert. Consequently, the grounds purportedly illustrating error uttered now do not comport with those uttered at trial, and that means they were not preserved as a basis for reversal. *See Jenkins v. State*, 493 S.W.3d 583, 612–13 (Tex. Crim. App. 2016) (stating that a reviewing court need not consider arguments which were not raised at the time the trial court ruled).

*Issue Seven*

Issue seven involves the admission of a picture of appellant in "jail clothes." Admitting the picture constituted error, in his view, because "[b]oth the United States Supreme Court and the Texas Court of Criminal Appeals have held that an accused cannot be compelled to stand trial before a jury while dressed in identifiable jail clothes." Furthermore, "[i]t is simply inconsistent with Fourteenth Amendment due process or equal protection requirements to compel a defendant to stand trial before a jury [in] identifiable prison clothing."

First, we note that appellant said nothing of the United States or Texas Constitutions in objecting to the picture's admission during the punishment phase of the trial. Nor did he contend that the act denied him any due process or equal protection right. Instead, he told the trial court that showing him in jail clothing was "unduly

9

prejudicial" and "[w]e object to each photograph individually and cumulatively, that their probative value is outweighed by their unduly prejudicial effect."[3]  Because those complaints were the basis of his objection, one can infer that he intended to rely on Texas Rule of Evidence 403 instead of any constitutional provision to succeed in excluding the evidence.  See TEX. R. EVID. 403 (stating that the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence).

Yet, given the rather basic understanding of the rights implicated by trying a defendant in jail attire, we cannot discount the possibility that the trial court understood appellant's mention of jail clothing and undue prejudice as raising the prospect that his constitutional rights to a fair trial were in jeopardy.  So, we cannot say that the language used by appellant in posing his objection failed to make the trial court aware of the constitutional nature of his complaint.  See TEX. R. APP. P. 33.1(a)(1) (stating that the complaint or objection, among other things, must be sufficiently specific to make the trial court aware of the complaint).  That, in turn, leads us to reject the State's proposition that appellant failed to preserve the issue for review.

As for the substance of the complaint, the constitutional implications raised by appellant are those relating to the presumption of innocence.  That is, a defendant is entitled to a fair trial.  Such is a fundamental liberty.  Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976).  And, a basic component of the right to a fair trial is the presumption of innocence.  Id.; Randle v. State, 826 S.W.2d 943,

---

[3] The photos were of appellant's torso and captured the various tattoos appearing on his body. Only one showed appellant wearing jail clothing.  Whether it was impermissibly cumulative or redundant of the others is not before us.

10

944–45 & n.3 (Tex. Crim. App. 1992) (en banc) (per curiam). Trying the accused in jail clothing has the potential to adversely affect that presumption. *See Estelle*, 425 U.S. at 504, 96 S.Ct. at 1692. Thus, the accused may not be compelled to wear prison or jail garb during the trial. *See id.* at 503–06; *Randle*, 826 S.W.2d at 944–45 (stating that, if the accused timely objects, he should not be compelled to stand trial in jail attire).

Yet, we are not dealing with appellant appearing at trial dressed in prison garb here. Indeed, appellant cites us to no evidence suggesting that he was so dressed as he was being tried. Rather, the situation before us involves the admission of a picture wherein appellant can be seen in jail clothing. None of the authorities cited by appellant address that situation. On the other hand, authority indicates that the visage of an accused wearing jail attire in a photograph poses a lesser chance of adversely impacting the basic liberty interest at play. *See, e.g., Hollis v. State*, 219 S.W.3d 446, 466 (Tex. App.—Austin 2001, no pet.) (stating that while "a defendant's rights to a fair trial and to be presumed innocent may be violated if he is forced to stand trial in jail clothing," but observing that "[t]he same violations do not necessarily arise, however, from the admission of the defendant's mug shot, even if it depicts him in jail clothing"); *Ware v. State*, 628 S.W.2d 249, 251 (Tex. App.—Fort Worth 1982, pet. ref'd) (wherein a mugshot of the accused was admitted into evidence and the reviewing court observed that while the prison garb cases are predicated on the infringement of the accused right to be presumed innocent, "[w]e are not prepared to go so far as to hold that the admission of a photograph, at least in this case, rises to the same level of constitutional infringement as the trying of an accused in his jail clothing. The continuous presence of an accused in jail clothing 'speaks' against the accused much louder than does the

11

admission of a single 'mug shot."). Simply put, our situation is not one where the defendant sat before a jury for hours wearing attire worn only by prisoners or "the guilty."

Our factual scenario is further distinguished from those addressed in *Estelle* and *Randle* by one important factor. The presumption of innocence was no longer in play when the picture was introduced to the jury. The latter had already heard of the six crimes alleged in the indictment and had already found him guilty of each one. So too had both appellant and the State stipulated to the evidence illustrating that appellant had also been convicted of the prior felony mentioned in the Repeat Offender Notice. The presumption of innocence underlying the rationale in *Estelle* and *Randle* was no longer in play.

Finally, the State had a legitimate purpose for tendering the picture. It depicted his tattoos, which tattoos were purportedly indicative of gang affiliation. Such affiliation may be considered by a jury in assessing punishment. *See Mason v. State*, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995) (en banc) (holding that the trial court did not err in admitting evidence of gang affiliation because it was relevant to the issue of future dangerousness).

Simply put, we hold that the trial court did not abuse its discretion in admitting the picture. *See Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016) (stating that an appellate court reviews a trial court's decision to admit or exclude evidence under the standard of abused discretion). The decision did not deny him his fundamental right to a fair trial.

*Issue Eight*

The last issue appellant raised involved the purported denial of his constitutional right to confront and examine witnesses against him. Such was allegedly denied him when an expert on gang affiliation was allowed to testify about appellant's gang membership. Yet, these grounds for excluding the testimony were not uttered at trial: consequently, they were not preserved for review. *See Jenkins,* 493 S.W.3d at 612–13.

Appellant's issues are overruled save for that wherein he requested that we modify to the judgments to reflect his plea of "not true" to the enhancement paragraph. We modify the judgments to reflect that appellant pled "not true" to the enhancement paragraph alleged in the indictment. Being so modified, the judgments are affirmed.

Brian Quinn
Chief Justice

Do not publish.

13

# JACK V. STRICKLAND
## Attorney

909 Throckmorton Street
Fort Worth, Texas 76102
817.338.1000 (office)
jvstrickland1943@gmail.com

Board Certified
Criminal Law
Criminal Appellate Law
Texas Board of Legal Specialization

November 15, 2017

Mr. Immanuel I. Pope
TDCJ# 02086914
FERGUSON UNIT
12120 Savage Dr.
Midway, Texas 75852-3654

Re: *Immanuel Pope vs. The State of Texas*
Case No. 07-16-00369-CR
Trial Court No. 1467007D

Dear Mr. Pope:

I am sorry to inform you that the court of appeals has affirmed the judgment in the above-styled and numbered cause. I enclose a copy of the unpublished opinion.

You now have 30 days in which we may file a petition for discretionary review with the Texas Court of Criminal Appeals, which is located in Austin. The court does not have to consider your case—it has the discretion to refuse to do so. That is why it is called discretionary review. It refuses many more cases than it accepts, usually hearing only 5 or 6 out of every 100 petitions. And it turns down an overwhelming number of the petitions it does agree to hear. So the outlook is not very good. But it does you no harm to try if that is what you wish to do.

You must write me back IMMEDIATELY if you wish me to file a petition for you. I have included a form which you should sign and return. Check the appropriate box and keep the copy for your records. I also include a self-addressed, stamped envelope for your convenience.

I wish the news were better. Let me hear back from you right away.

Sincerely,

Jack V. Strickland

Encls.

JVS/sl

Ex. C.

Re: *Immanuel Pope vs. The State of Texas*
Case No. 07-16-00369-CR
Trial Court No. 1467007D

Dear Mr. Strickland:

I have received your letter of November 15, 2017, regarding the affirmance of the judgment of the above-styled and numbered cause.

- o  I wish you to prepare and file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals

- o  I do not wish you to file a PDR. If we do not file a PDR, that will end my appeal.

After checking the appropriate box, sign this authorization and include your TDCJ number and the date. Keep the copy for yourself. Mail immediately in the enclosed envelope.

This authorization must be received by me not later than December 1, 2017.

_____
Signature

_____
TDCJ ID #

_____
Date

**JACK V. STRICKLAND**
**Attorney**

909 Throckmorton Street
Fort Worth, Texas 76102
817.338.1000 (office)
jvstrickland1943@gmail.com

Board Certified
Criminal Law
Criminal Appellate Law
Texas Board of Legal Specialization

December 8, 2017

Mr. Immanuel I. Pope
TDCJ# 02086914
FERGUSON UNIT
12120 Savage Dr.
Midway, Texas 75852-3654

Re: *Immanuel Pope vs. The State of Texas*
Case No. 07-16-00369-CR
Trial Court No. 1467007D

Dear Mr. Pope:

I have received your letter of December 3, 2017. Unfortunately, you failed to tell me whether you wish to pursue a petition for discretionary review. Our time to do so is running out, so you must let me know IMMEDIATELY. Perhaps our letters crossed in the mail but let me hear from you.

I cannot provide you copies of your transcripts. The court reporter charges for copies and they are very expensive. If you have a specific question about a matter, I can try to provide you an answer, or a page or two of testimony. But you will have to pay for a full transcript.

Your concerns about ineffective assistance of counsel cannot normally be raised on direct appeal, but rather is a subject for a post-conviction writ of habeas corpus under art. 11.07, *Texas Code of Criminal Procedure*. An application for such a writ can be pursued *after* your appeal is concluded. I must tell you however, that Mr. Henderson is a well-regarded and thorough lawyer. The law on the subject guarantees you a fair trial, but not a perfect trial. A reviewing court is not likely to believe that Mr. Henderson "did not have your best interest at heart" and that you were "railroaded" or "screwed."

I hope to hear from you soon.

Sincerely,

Jack V. Strickland

Encls.

JVS/sl

Ex. D.